IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| LEW EARLE WILLIAMS, JR. | ) | |
| | ) | |
| Plaintiff | ) | Case No. |
| | ) | |
| vs. | ) | |
| | ) | |
| THE SCHOOL BOARD OF PALM BEACH COUNTY D/B/A THE SCHOOL DISTRICT OF PALM BEACH COUNTY | ) | |
| | ) | |
| Defendant | ) | |

## COMPLAINT

Plaintiff LEW EARLE WILLIAMS, JR. ("WILLIAMS" or Plaintiff) by and through his undersigned attorneys files this Complaint against Defendant THE SCHOOL BOARD OF PALM BEACH COUNTY D/B/A THE SCHOOL DISTRICT OF PALM BEACH COUNTY ("SCHOOL BOARD" or Defendant) alleges and says as follows:

### NATURE OF ACTION

1. This is an action against the SCHOOL BOARD for willfully violating the Age Discrimination in Employment Act (ADES), Title VII and the Florida Civil Rights Act (FCRA) by unlawfully discriminating against the Plaintiff on the basis of his age including but not limited to retaliating against the Plaintiff after the Plaintiff filed a complaint against the Defendant to the United States Equal Employment Opportunity Commission ("EEOC").

## JURISDICTION AND VENUE

2. This Court has jurisdiction of this action by virtue of Plaintiff brings this action against Defendant pursuant to 28 U.S.C. §§ 1331 and 1343.

3. The supplemental jurisdiction of this Court is invoked with respect to WILLIAMS's claims under the law of Florida pursuant to 20 U.S.C. § 1376(a), because the Florida claim is so related to the federal claims with the Court's original jurisdiction that it forms part of the same case or controversy under Article III of the United States Constitution; and 28 U.S.C. § 1343, because the claim arises out of the same operative facts as the federal claim, and is such that the parties would ordinarily expect to try them in one proceeding.

4. Venue is proper for the United States District Court for the Southern District of Florida because:

    a. WILLIAMS was employed in the Southern District of Florida by Defendant which at all material times conducted, and continues to conduct, business in the Southern District of Florida;

    b. The acts that gave rise to WILLIAMS's claims occurred within the Southern District of Florida pursuant to 42 U.S.C. § 2000e-5(f)(3) and 42 U.S.C. § 1391 "b" and "c"; and

    c. The Defendant is subject to jurisdiction of the Southern District of Florida.

## CONDITIONS PRECEDENT

5. WILLIAMS has complied with all conditions precedent in this case, or they have been waived.

6. WILLIAMS timely filed a Charge of Discrimination against the Defendant with the EEOC.

7. A Notice of Right to Sue letter was issued on September 29, 2016, a copy of which is attached hereto as Exhibit A.

8. Accordingly, this lawsuit is being filed with the 90 days' time in which to file.

## PARTIES

9. At all material times, WILLIAMS was a permanent resident of the United States and Florida, who resided in the Southern District of Florida born in 1940.

10. At all material times, Defendant SCHOOL BOARD was a political subdivision of the State of Florida doing business in Palm Beach County, Florida.

11. At all material times, the SCHOOL BOARD employed over 1,000 individuals.

12. The SCHOOL BOARD is an "employer" within the meaning of the Age Discrimination in Employment Act, Title VII and the Florida Civil Rights Act.

13. WILLIAMS was an "employee" of Defendant within the meaning of the Age Discrimination in Employment Act and Title VII.

## FACTUAL ALLEGATIONS

14. Plaintiff was employed by the SCHOOL BOARD as a school teacher for approximately 18 years.

15. On June 3, 2016 the Plaintiff retired.

16. In July 2016 WILLIAMS received his first retirement check from the Florida Retirement System for $1,966.00.

17. Upon receipt of the retirement check in July 2016, the Plaintiff discovered that his retirement benefit was lower than he expected ($1,966/mo. instead of $2,902.78/mo.) by approximately $906.78 per month.

18. The Plaintiff also discovered in July 2016 that instead of having $189,775.00 available immediately he only had $131,000.00, a difference of $58,775.00.

19. The discrepancy in the amount of the Plaintiff's retirement account stems from a settlement agreement between Plaintiff and the School Board, a true and correct copy of which attached hereto as Exhibit B (the "Settlement Agreement").

20. The Settlement Agreement was reached as a result of the Plaintiff, who was 62 at the time, agreed not to file a lawsuit for age discrimination against the SCHOOL BOARD (Charge Nos. 150A12845 and 150A13075) and the SCHOOL BOARD would among other things pay into WILLIAMS pension $66,420 within 30 days from the date of the Settlement Agreement.  See Exhibit B.

21. The SCHOOL BOARD did not pay $60,342.98 for any benefit of the Plaintiff.

22. The SCHOOL BOARD further began treating the Plaintiff differently than other employees after the execution of the Settlement Agreement by super scrutinizing his work performance and failing to answer his questions about the Plaintiff's retirement funds.

23. The Plaintiff did not discover the SCHOOL BOARD's failure to pay the $60,342.98 towards his retirement until he received his benefits in July 2016 and found that it was less than he expected.

## COUNT I
### VIOLATIONS OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT
### (ADEA)

24. The re-alleges the allegations of paragraphs 1 through 23 as if fully set forth herein.

25. The pension benefit the SCHOOL BOARD agreed to provide to the Plaintiff was a "compensation, terms, conditions, or privileges of employment" as that term is defined pursuant to 29 U.S. Code § 630(l).

26. The SCHOOL BOARD discriminated against the Plaintiff because of his age by failing to provide "compensation, terms, conditions, or privileges of employment" as they agreed to do in the Settlement Agreement in violation of 29 U.S. Code § 623(a).

27. The SCHOOL BOARD further discriminated against the Plaintiff because of his age by treating the Plaintiff differently than other younger employees by super scrutinizing his work performance and failing to answer his questions about the Plaintiff's retirement funds.

WHEREFORE, Plaintiff demands judgment against the SCHOOL BOARD for damages equal to an amount that can make the Plaintiff whole which would equal the present value of his retirement account had the SCHOOL BOARD put the full $66,420 into his retirement account in 2002, as well as his reasonable attorney's fees and costs, and any other relief the Court deems just and proper.

## COUNT II
### TITLE VII CLAIM FOR DISCRIMINATION BASED ON RETALIATION

28. The re-alleges the allegations of paragraphs 1 through 23 as if fully set forth herein.

29. The SCHOOL BOARD has engaged in unlawful employment practices and policies in the terms and conditions of Plaintiff's employment in violation of 42 U.S.C. § 2600e et. Seq. the discriminatory practices include, but are not limited to

discriminating against the Plaintiff for his filing of a charge of discrimination against the SCHOOL BOARD with the EEOC in 2002 for age discrimination in violation of 42 U.S.C. § 2600e-3(a).

30. The Plaintiff did not discover the discriminatory retaliation of the SCHOOL BOARD until he realized that his pension check was not was it was supposed to be in July 2016.

31. A direct and proximate result of the intentional and premeditated discriminatory acts by the Defendant with respect to this discrimination in the terms and conditions of WILLIAMS'S employment, Plaintiff has been damaged which includes but is not limited loss of benefits, inconvenience, other non-pecuniary losses, and punitive damages.

WHEREFORE, the Plaintiff requests:

(a) Entry of a judgment for restitutionary, compensatory and punitive damages including, but not limited to, damages for loss of benefits, inconvenience and interest;

(b) Award Plaintiff costs in this action, including reasonable attorneys' fees and expert fees as provided by Title VII; and

(c) Any other equitable relief deemed appropriate by this Court.

## COUNT III
## VIOLATIONS OF THE FLORIDA CIVIL RIGHTS ACT (FCRA) – Age Discrimination

32. The re-alleges the allegations of paragraphs 1 through 23 as if fully set forth herein.

33. The SCHOOL BOARD discriminated against the Plaintiff because of his age by failing to provide compensation, terms, conditions, or privileges of employment as they agreed to do in the Settlement Agreement in violation of F.S. 760.10(1)(a).

34. The SCHOOL BOARD further discriminated against the Plaintiff because of his age by treating the Plaintiff differently than other younger employees by super scrutinizing his work performance and failing to answer his questions about the Plaintiff's retirement funds.

WHEREFORE, Plaintiff demands judgment against the SCHOOL BOARD for damages equal to an amount that can make the Plaintiff whole which would equal the present value of his retirement account had the SCHOOL BOARD put the full $66,420 into his retirement account in 2002, as well as his reasonable attorney's fees and costs, and any other relief the Court deems just and proper.

## COUNT IV
## VIOLATIONS OF THE FLORIDA CIVIL RIGHTS ACT (FCRA) – Retaliation

35. The re-alleges the allegations of paragraphs 1 through 23 as if fully set forth herein.

36. The SCHOOL BOARD discriminated against the Plaintiff because the Plaintiff filed a charge of discrimination against the SCHOOL BOARD with the EEOC in 2002 for age discrimination in violation of F.S. 760.10 (7).

37. The Plaintiff did not discover the discriminatory retaliation of the SCHOOL BOARD until he realized that his pension check was not was it was supposed to be in July 2016.

WHEREFORE, Plaintiff demands judgment against the SCHOOL BOARD for damages equal to an amount that can make the Plaintiff whole which would equal the present

value of his retirement account had the SCHOOL BOARD put the full $66,420 into his retirement account in 2002, as well as his reasonable attorney's fees and costs, and any other relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated this 28th day of December, 2016.

        Respectfully submitted,

        /s/Neil Tygar
        Neil Tygar, Esq.
        FBN:  0911100
        Neil Bryan Tygar, P.A.
        Counsel for Plaintiff
        5341 W. Atlantic Ave. #303
        Delray Beach, FL 33130
        Tel:    561-455-0280 Ext. 11
        Fax:   561-455-0281
        Cell:   561-305-5214
        ntygar@me.com